# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

STEVEN AVERY,

    Plaintiff,

    v.                                    Case No. 11-CV-1093

KENNETH KRATZ, JOHN DEDERING,
WILLIAM TYSON, DANIEL KUCHARSKI,
CALUMET COUNTY, BARBARA VAN AKKEREN,
and THOMAS GRITTON,

    Defendants.

## ORDER

    The plaintiff, Steven Avery, a Wisconsin state prisoner, filed this pro se civil rights action under 42 U.S.C. § 1983. He is proceeding in forma pauperis on a Fourth Amendment claim related to the search of a wood cabinet/book case in his bedroom during a criminal homicide investigation for which he is serving a life sentence, State of Wisconsin v. Steven A. Avery, Manitowoc County Case Number 2005CF000381. The plaintiff claims that the warrant was defective in several respects. The plaintiff also contends that the seizure of property was beyond what the warrant legally authorized.

    Defendants Kenneth Kratz and Thomas Gritton have filed a motion to dismiss. Defendants John Dedering, William Tyson, Daniel Kucharski, Barbara Van Akkeren, and Calumet County, who are represented by separate counsel, have filed a motion to dismiss, motion to stay discovery, and motion to strike the plaintiff's declaration. The plaintiff has filed a motion to amend the complaint. All of these motions will be addressed herein.

The court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the matter arises under federal statutes. Venue is proper under 28 U.S.C. § 1391. The case was assigned according to the random assignment of civil cases pursuant to General Local Rule 3(a) (E.D. Wis.). The parties have consented to United States magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c) and General Local Rule 73 (E.D. Wis.).

## Amended Complaint Allegations

According to the amended complaint, on December 9, 2005, Investigator Dedering presented an Affidavit for Search Warrant to District Attorney Kratz, who notarized the document. Investigator Dedering then obtained a search warrant from Judge Gritton for a "Wood cabinet/book case" from the plaintiff's bedroom. The search warrant states that the cabinet/book case "was used in the concealing of, or may constitute evidence of, a crime; to wit: violations of secs. 940.01, 940.225, 940.30, 940.31, and 943.20, Wis. Stats." (Original Complaint, Ex. 1.) Sergeant Tyson and Officer Kucharski, who served the warrant, seized seven items. On December 11, 2005, Sergeant Tyson submitted a Return of Search Warrant detailing the seven items taken from the plaintiff's home.

The plaintiff claims that the search warrant was defective because the supporting affidavit did not establish probable cause, there is no indication that Judge Gritton saw the affidavit, Judge Gritton did not have jurisdiction to issue a search warrant for Calumet County, and the warrant lacked a court seal. In addition, the plaintiff claims that Sergeant Tyson and Officer Kucharski exceeded the scope of the warrant because they seized seven items from his residence when the warrant authorized seizure of just one item. He claims that Clerk of Court Van Akkeren and Judge Gritton were aware that the officers exceeded the scope of the warrant and did nothing about it. The

2

Case 1:11-cv-01093-AEG    Filed 10/09/12    Page 2 of 12    Document 50

plaintiff also claims that defendant Calumet County, as a policy, neglected to check the work of its officers and ensure they were properly trained or acting within the legal boundaries of his rights, as well as applicable law. The plaintiff seeks declaratory relief and monetary damages.

Defendants Kratz and Gritton's Motion to Dismiss

Defendants Kratz and Gritton contend that, (1) this action against them in their official capacities is barred by the Eleventh Amendment; (2) the action against Judge Gritton is barred by judicial immunity; and (3) this action against Kratz is barred by good-faith or qualified immunity and fails to state a claim upon which relief may be granted. The plaintiff contends that judicial immunity does not apply and that defendant Kratz is not entitled to qualified immunity.

As an initial matter, a suit against a state official in his or her official capacity is a suit against the official's office. As such, it is not different than a suit against the state itself. Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989). The plaintiff's official capacity claims against defendants Kratz and Gritton are therefore claims against the state. The Eleventh Amendment bars suits for damages in federal court against unconsenting states unless Congress has exercised its power to override the immunity. Id. at 66. To the extent that the plaintiff seeks monetary damages, his official capacity claims must be dismissed because of Eleventh Amendment immunity and also because the state is not a person suable under 42 U.S.C. § 1983. See id. at 66-67, 71; see also, Omosegbon v. Wells, 335 F.3d 668, 672-73 (7th Cir. 2003).

Next, the court will consider whether Judge Gritton is immune from suit. Judges are immune from suit for actions taken in their judicial capacity and within their subject matter jurisdiction. Mireles v. Waco, 502 U.S. 9, 11-12 (1991); Stump v. Sparkman, 435 U.S. 349, 356-57 (1978). Judges are not liable in civil actions for their judicial acts unless they have acted in the "clear

3

absence of all jurisdiction." Id. (quoting Bradley v. Fisher, 80 U.S. (1 Wall.) 335, 351 (1872)). They will not be held liable for acts performed in excess of their jurisdiction or which are alleged to have been done maliciously or corruptly. Stump, 435 U.S. at 356. The Court in Stump defined "in clear absence of all jurisdiction" as follows:

> In holding that a judge was immune for his judicial acts, even when such acts were performed in excess of his jurisdiction, the Court in *Bradley* stated: "A distinction must be here observed between excess of jurisdiction and the clear absence of jurisdiction over the subject-matter. Where there is clearly no jurisdiction over the subject-matter any authority exercised is a usurped authority, and for the exercise of such authority, when the want of jurisdiction is known to the judge, no excuse is permissible. But where jurisdiction over the subject-matter is vested by law in the judge, or in the court which he holds, the manner and extent in which the jurisdiction shall be exercised are generally as much questions for his determination as any other questions involved in the case, although upon the correctness of his determination in these particulars the validity of his judgments may depend." *Id.*, at 351-52.
>
> . . .
>
> In *Bradley*, the Court illustrated the distinction between lack of jurisdiction and excess of jurisdiction with the following examples: if a probate judge, with jurisdiction over only wills and estates, should try a criminal case, he would be acting in the clear absence of jurisdiction and would not be immune from liability for his action; on the other hand, if a judge of a criminal court should convict a defendant of a nonexistent crime, he would merely be acting in excess of his jurisdiction and would be immune. *Id.*, at 352.

Stump, 435 U.S. at 356 n.6, 357 n.7.

The plaintiff contends that Winnebago County Circuit Court Judge Gritton cannot claim absolute immunity because he acted outside of his jurisdiction when he issued a search warrant in Calumet County for an investigation in Manitowoc County. He does not contend that Judge Gritton's act of signing the search warrant was not judicial in nature.

4

In Wisconsin, "[t]he circuit courts have the general jurisdiction prescribed for them by article VII of the constitution and have power to issue all writs, process and commissions provided in article VII of the constitution or by the statutes, or which may be necessary to the due execution of the powers vested in them." Wis. Stat.§ 753.03 (2011). Article 7 of the Wisconsin Constitution states in relevant part that "the circuit court shall have original jurisdiction in all matters civil and criminal within this state and such appellate jurisdiction in the circuit as the legislature may prescribe by law." Wis. Const. art. VII, § 8.

The Wisconsin statute makes clear that Judge Gritton had subject matter jurisdiction over the issue at hand. Moreover, in Wisconsin, a "search warrant may authorize a search to be conducted anywhere in the state and may be executed pursuant to its own terms anywhere in the state." Wis. Stat. § 968.12(4) (2011); see also, In re Southern Wis. Power Co., 122 N.W.2d 801, 808-09 (Wis. 1909) (Wisconsin Constitution authorizes that circuit judges "may hold courts for each other" which includes not only the regular terms of circuit court but also "generally the judicial business which a circuit judge is authorized by law to transact."). Thus, the plaintiff's argument that Judge Gritton lacked jurisdiction to issue the search warrant because he is based in another county is incorrect. In any event, even if Judge Gritton had acted in excess of his jurisdiction, the foregoing discussion demonstrates that he would be immune from suit. Accordingly, Judge Gritton will be dismissed as a defendant in this case.

Next, the court will determine whether defendant Kratz is entitled to qualified immunity or otherwise subject to dismissal. The plaintiff alleges that defendant Kratz notarized the affidavit for search warrant, which defendant Dedering then used to obtain the search warrant for the book case. The plaintiff claims that the search warrant was defective because, among other things, probable

5

cause was not established in the affidavit. According to the plaintiff, defendant Kratz is liable for the defective warrant based on his notarization of the affidavit because he reviewed the affidavit. The plaintiff asserts that defendant Kratz should have been aware that the affidavit did not contain probable cause and corrected it.

However, as stated by the defendants, notarizing a document in Wisconsin simply means that the notary has determined, either from personal knowledge or satisfactory evidence, that the person appearing before the notary is the person whose signature is on the document. See Wis. Stat. § 706.07(2) (2011). In any event, as discussed infra, the affidavit did establish probable cause. Accordingly, the plaintiff does not state a claim against defendant Kratz. Based on the foregoing, defendants Gritton and Kratz's motion to dismiss the complaint will be granted.

### Defendants Calumet County, Dedering, Tyson, Kucharski, and Van Akkeren's Motion to Dismiss

These defendants have filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(c) and 12(h)(2). They contend that the search warrant was valid and that the plaintiff therefore fails to state a claim under 42 U.S.C. § 1983. Specifically, the defendants assert that probable cause was established in the affidavit, there was a neutral magistrate placed between the State and Avery, Judge Gritton had jurisdiction to issue the warrant, and there is no requirement that a warrant have a seal of the court or that a warrant be self-authenticating. The defendants further contend that defendants Dedering, Tyson, Kucharski, and Van Akkeren are entitled to qualified immunity. They argue that defendant Calumet County must be dismissed in its official capacity. Lastly, the defendants contend that no § 1983 claim can exist since the warrant was not illegally expanded and the §§ 1985 and 1986 claims must be dismissed.

The plaintiff contends that he was denied his right to be free from unreasonable search and seizure because probable cause was not established in the affidavit, probable cause was not established with the issuing magistrate, the issuing judge lacked jurisdiction to issue the warrant, the warrant was void for lack of a court seal, and the executing officers went outside the scope of the warrant. The plaintiff asserts that Calumet County is liable and that the defendants are not entitled to qualified immunity.

"The Fourth Amendment requires that a warrant be supported by probable cause and that it describe, with particularity, the place to be searched and the items or persons to be seized." Guzman v. City of Chicago, 565 F.3d 393, 396 (7th Cir. 2009). Unless there are exigent circumstances, a neutral magistrate must make the probable-cause determination and issue the warrant. Id. (citations omitted). "Probable cause is established when, based on the totality of the circumstances, the affidavit sets forth sufficient evidence to induce a reasonably prudent person to believe that a search will uncover evidence of a crime." United States v. Searcy, 664 F.3d 1119, 1122 (7th Cir. 2011) (citing Illinois v. Gates, 462 U.S. 213, 238 (1983)).

Wisconsin state law provides in pertinent part:

(1) Description and issuance. A search warrant is an order signed by a judge directing a law enforcement officer to conduct a search of a designated person, a designated object or a designated place for the purpose of seizing designated property or kinds of property. A judge shall issue a search warrant if probable cause is shown.

(2) Warrant upon affidavit. A search warrant may be based upon sworn complaint or affidavit . . . showing probable cause therefor. The complaint, affidavit or testimony may be upon information and belief.

Wis. Stat. § 968.12 (2011). "The task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him .

7

. . there is a fair probability that contraband or evidence of a crime will be found in a particular place.

Gates, 462 U.S. at 238.

In this case, the affidavit for search warrant states in relevant part:

2. Your affiant states that an investigation was conducted into the disappearance of Teresa Halbach, and a criminal complaint was subsequently filed in Manitowoc County Circuit Court on November 15, 2005, which attached hereto and incorporated within this Affidavit. A preliminary hearing was held in Manitowoc County on December 6, 2005, where Judge Patick Willis found probable cause that the defendant, Steven Avery, committed a felony offense.

. . .

5. Your affiant is informed that on November 8, 2005, Deputy Dan Kucharski of the Calumet County Sheriff's Department located a Toyota ignition key adjacent to a night stand in the bedroom of Steven Avery's residence located at 12932 Avery Road in the Town of Gibson, County of Manitowoc, State of Wisconsin. Your affiant is informed that the key located adjacent to the night stand in the bedroom of StevenAvery's residence was successfully used in the ignition of the Toyota Rav 4 owned by Teresa M. Halbach. The key started the vehicle. Prior to seizing the key, Deputy Kucharski took digital photographs of the bookcase (see attached Exhibit 1) and of the key itself (see attached Exhibit 2).

6. Your affiant believes that Teresa Halbach is the victim of a crime including homicide.

7. During the preliminary hearing held on Tuesday, December 6, 2005, defense counsel for Steven Avery requested that Deputy Kucharski render an opinion concerning the location from which the key had fallen. Kucharski opined that the key must have come from within the bookcase or areas close to it as a result of the cabinet or its contents being physically moved. The State believes that seizing the cabinet at this time will allow investigators to determine where the key had been hidden.

(Orig. Compl., Exh. 2.)

The affidavit establishes that the key to the murder victim's vehicle was found in the plaintiff's bedroom and that Kucharski believed the key had likely fallen from the bookcase when the bookcase or its contents were being moved. Based on the location of the key in relation to the

8

bookcase, a reasonable person would believe that the book case was linked to the murder of Teresa Halbach. As such, the court concludes that there was probable cause to seize and search the bookcase.

Next, with regard to the plaintiff's contention that Judge Gritton did not see Dedering's affidavit, the search warrant itself indicates his familiarity with the affidavit. (Orig. Compl., Exh. 1.) In addition, contrary to the plaintiff's contention that the warrant is invalid because Dedering was not sworn before the court in making his affidavit, there is no such requirement. See Wis. Stat. § 968.12(2) (2011).

The plaintiff also contends that Judge Gritton did not have jurisdiction to issue the search warrant. However, a "search warrant may authorize a search to be conducted anywhere in the state and may be executed pursuant to its own terms anywhere in the state." Wis. Stat. § 968.12(4) (2011). Likewise, there is no requirement that a search warrant contain a court seal. See Wis. Stat. § 968.12. The plaintiff's citation to Wis. Stat. § 753.04 is unavailing because that statute applies to writs, not warrants, and, in any event, the statute does not indicate that writs are required to have the seal of the court. Moreover, the plaintiff's reference to Wis. Stat. § 909.02 is not helpful to his case.

The plaintiff also contends claims that defendants Tyson and Kucharksi exceeded the scope of the search warrant. The search warrant directed a search of the bookcase, "which thing was used in the concealing of, or may constitute evidence of, a crime; to-wit: violations of secs. 940.01, 940.225, 940.30, 940.31 and 943.20, Wis. Stats. and prays that a Search Warrant be issued to search said premises for said item and seize same." (Orig. Compl., Exh. 1.) The return of search warrant states that the bookcase, four paperback books, a handset for cordless telephone, and an AC power cord were seized. (Orig. Compl., Exh. 3.)

9

The defendants contend that the items were properly seized because they were on the bookcase and that items contained on or in the subject of a search warrant may also be seized. The defendants also contend the objects were in plain view on the bookcase and thus could be seized without a warrant if the officers had probable cause to believe the items may be linked to the commission of a crime. In response, the plaintiff does not argue that the additional items were not on the bookcase but rather he reiterates that the defendants should not have seized them because they were not named in the warrant.

Officers executing a search warrant may seize: (i) items named in the warrant; and (ii) evidence that, although not described in the warrant, is subject to seizure under the plain view doctrine. Russell v. Harms, 397 F.3d 458, 465 (7th Cir. 2005) (citing Hessel v. O'Hearn, 977 F.2d 299, 302 (7th Cir. 1992)). The plain view doctrine applies "if the officer has a legal right to be in the place from where he sees the object subject to seizure[,] a 'lawful right of access to the object itself,' and if the object's incriminating nature is 'immediately apparent.'" Id. (quoting United States v. Cotnam, 88 F.3d 487, 495 (7th Cir. 1996)). An object's incriminating nature is "immediately apparent" if, under the circumstances, the officer has "probable cause to believe that the item is linked to criminal activity." Id. (quoting United States v. Bruce, 109 F.3d 323, 328 (7th Cir. 1997)).

Here, defendants Tyson and Kucharski were legally in the plaintiff's home pursuant to the search warrant for the bookcase. The additional items, which were on the bookcase, were subject to seizure based on probable cause that they may have been linked to the murder. Defendant Kucharski opined that the murder victim's car key came from the bookcase or areas close to it. Based on this information, the bookcase and its contents may constitute evidence of a crime. Hence, they were subject to seizure. See United States v. Williams, 41 F.3d 192, 198 (4th Cir. 1994);

10

United States v. Morgan, 744 F.2d 1215, 1222 (6th Cir. 1984). Thus, the plaintiff's claim that defendants Kucharksi and Tyson exceeded the scope of the search warrant will be dismissed.

In sum, the plaintiff fails to state a claim that the search warrant was invalid and that officers exceeded the scope of the warrant. Defendants Calumet County, Dedering, Kucharski, Tyson, and Van Akkeren's motion to dismiss the complaint will be granted.

## Additional Motions

On June 28, 2012, defendants Calumet County, Dedering, Tyson, Kucharski, and Van Akkeren filed a motion to stay discovery pending resolution of the upcoming motion practice under Federal Rule of Civil Procedure 12(b)(6). However, this motion is now moot.

On September 13, 2012, these defendants filed a motion to strike the plaintiff's declaration filed in response to their motion to dismiss. This motion will be denied.

## Plaintiff's Motion to Amend the Complaint

The plaintiff has filed a motion to amend the complaint. He seeks to amend the caption to state that Thomas Gritton is being sued in his official and individual capacities. The plaintiff also seeks to correct paragraph 9 of the amended complaint to state that defendant Kucharski was an officer for the Calumet County Sheriff's Department, not the Manitowoc County Sheriff's Department. The proposed amendments do not influence the court's analysis in granting the defendants' motions to dismiss. Therefore, the plaintiff's motion to amend will be denied as moot.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that defendants Gritton and Kratz's motion to dismiss (Docket No. 23) be and hereby is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion to amend the complaint (Docket No. 29) be and hereby is **DENIED AS MOOT**.

11

**IT IS FURTHER ORDERED** that defendants Calumet County, Dedering, Kucharksi, Tyson, and Van Akkeren's motion to stay discovery (Docket No. 40) be and hereby is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that defendants Calumet County, Dedering, Kucharksi, Tyson, and Van Akkeren's motion to dismiss (Docket No. 43) be and hereby is **GRANTED**.

**IT IS FURTHER ORDERED** that defendants Calumet County, Dedering, Kucharksi, Tyson, and Van Akkeren's motion to strike (Docket No. 49) be and hereby is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment dismissing the plaintiff's complaint and this action.

Dated at Milwaukee, Wisconsin this 9th day of October, 2012.

BY THE COURT:

AARON E. GOODSTEIN
United States Magistrate Judge